IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–03222–WJM–MDB

SUZANNE MYERS,

    Plaintiff,

v.

AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff,

v.

JENNIFER H. WILLIAMS, an individual, and
EMPOWER REALTY TEAM, LLC, a Colorado corporation,

    Third-Party Defendants.

## ORDER

This matter comes before the Court on Third-Party Plaintiff American Modern Property and Casualty Insurance Company's ["AMPCIC"] Unopposed Motion for Substitute Service Upon Jennifer Williams and Empower Realty Team, LLC. ([the "Motion"], Doc. No. 38.) The Motion is unopposed by Plaintiff and no briefing has been filed. After reviewing applicable statutory and case law the Court **GRANTS** the Motion.

## BACKGROUND

This case stems from an insurance claim submitted by Ms. Myers to AMPCIC arising out of alleged vandalism caused by a tenant of Ms. Myers' Colorado Springs rental property in October 2019. (*See generally* Doc. No. 4.)

On November 9, 2022, Ms. Myers initiated this action in El Paso County District Court, bringing breach of contract and bad faith claims against AMPCIC based on AMPCIC's failure to make full payment of alleged benefits owed. (Doc. No. 4 ¶¶ 27–43.) At the time of the alleged vandalism, Ms. Myers' rental property was insured by AMPCIC (*id.* ¶¶ 8–10) and allegedly managed by Third-Party Defendant Empower Realty Team, LLC ["Empower"]—of which AMPCIC alleges Third-Party Defendant Jennifer H. Williams is the sole managing member and registered agent. (Doc. No. 38 ¶¶ 2, 17, Ex. A.) On December 14, 2022, AMPCIC removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Doc. No. 1.)

On March 27, 2023, AMPCIC filed a Third-Party Complaint against Ms. Williams and Empower [collectively the "Third Party Defendants]. (Doc. No. 33.) In short, AMPCIC contends that the Third-Party Defendants are at least partially responsible for the damages caused by Ms. Myers' tenant and brings claims for equitable subrogation and equitable contribution. (*Id.* ¶¶ 73–86; *id* ¶ 71 (stating that the Third-Party Defendants "failed to obtain a Writ of Restitution against the Tenant, failed to evict the Tenant, failed to secure the Property once the Tenant vacated the Property, failed to obtain the keys to the Property from the Tenant, failed to change the locks of the Property once the Tenant vacated the Property, permitted the Tenant to reenter the Property, and provided false and misleading information to [AMPCIC]with respect to the alleged 'eviction' and the vandalism").)

To date, and though it's made multiple attempts, AMPCIC has been unsuccessful in its attempts to serve the Third-Party Complaint on the Third-Party Defendants.[1] (Doc. No. 38 ¶ 6.) AMPCIC contends it initially identified several addresses for the Third-Party Defendants:

1. Empower's business address listed on the Colorado Secretary of State's website: 1755 Telstar Drive, Ste. 300, Colorado Springs, Colorado 80920. (*Id.* ¶ 18, Ex. A.) This complex is known as the Briargate Office Center.

2. Empower's registered address listed on the Colorado Division of Real Estate website: 100 Fillmore St, Denver, CO, 80206. (*Id.* ¶ 20, Ex. G.)

3. Ms. Williams' home address discovered by skip-trace report: 18110 Archers Drive, Monument, CO 80132. (*Id.* ¶ 20, Ex. E, F.)[2]

On April 17, 2023, AMPCIC issued correspondence to the Third-Party Defendants at all three addresses via certified mail, requesting that the Third-Party Defendants waive service of the Third-Party Complaint. (*Id.* ¶ 21, Ex. H, Ex. I.) AMPCIC simultaneously sent a copy of the mailing to two Empower e-mail addresses Ms. Myers had previously sent correspondence to:

---

[1] AMPCIC also asserts that prior to the filing of the Third Party Complaint, it was unsuccessful in its attempt to serve Empower with a subpoena for its file on the property in question in this case. (Doc. No.38 ¶ 17, Ex. D; *see id.* ¶¶18–19 ("On March 21, 2023, American Modern had a process server attempt to serve Empower … at 1755 Telstar Drive, Ste. 300, Colorado Springs, Colorado 80920, which is Empower's current principal office street address listed on the Secretary of State's website. According to the process server, no agent of Empower was available at its office. When contacted by telephone, Ms. Williams refused to arrange a time and place for the process server to meet Ms. Williams to effectuate service of the Subpoena." (internal citations omitted)).)

[2] The exhibits submitted in support of the Motion also include a Statement of Trade Name of a Reporting Entity form for Empower Realty Team, LLC, in which Ms. Williams used the mailing address of 385 Mustang Way, Monument, CO 80132. (Doc. No. 38-16.) The Motion does not indicate that AMPCIC has made any attempts to contact the Third Party Defendants at this address.

info@empowerrealtyteam.com and jennifer@empowerrealtyteam.com. (*Id.* ¶ 22, Ex. J.) AMPCIC sent follow up e-mails on April 25 and May 18, 2023. (*Id.* ¶ 23, Ex. K.) AMPCIC did not receive any response to its e-mails or correspondence. (*Id.* ¶ 24.) AMPCIC's counsel also attempted to call the Third-Party Defendants at two known phone numbers—(720) 815-7575 and (602) 717-8836—on four occasions each. (*Id.* ¶ 23.) During one of the calls, "a woman picked up and identified herself as Ms. Williams. The individual became extremely angry and demanded that the undersigned cease from calling her telephone. The individual refused to provide any additional information and ended the telephone communication shortly after it started." (*Id.*)

Along with its mail and email correspondence, on April 17, 2023, AMPCIC also attempted to personally serve Ms. Williams at her home address, 18110 Archers Drive, Monument, CO 80132. (*Id.* ¶ 25, Ex. L.) "According to the process server, the individual who answered the door advised that her name was 'Jennifer Horst' and that she was not the Jennifer Williams that [AMPCIC] sought to serve with the Third-Party Complaint." (*Id.* (citing Ex. M).) AMPCIC contends that "Jennifer Horst" is Jennifer Williams.[3] (*Id.* ¶ 26.)

On May 9, 2023, AMPCIC made another attempt to serve the Third-Party Defendants at Empower's registered business address, 1755 Telstar Drive, Ste. 300, Colorado Springs, Colorado 80920. (*Id.* ¶ 28.) The process server reported that she spoke with a Briargate Office Center employee who stated, "that service was 'not permitted' on Empower because Empower only maintains a virtual office within the building and does not maintain a physical address within the building." (*Id.* (citing Ex. Q).)

---

[3] In the Motion, AMPCIC submits evidence that Ms. Williams commonly goes by aliases, including "Jen Williams," "Jen Virnelson," Jennifer V. Williams," and "Jennifer H. Williams." (Doc. No.38 ¶¶ 26–27 (citing Ex. A, B, G, N, O, and P).)

4

Finally, AMPCIC generally alleges that "[e]ver since the vandalism occurred at the Property, Ms. Williams had essentially avoided any communication regarding the Property. (*Id.* ¶ 30.) To this end, AMPCIC cites Ms. Williams' failure to return police phone calls regarding the vandalism or otherwise provide substantive information. (*Id.* ("In the Police Report dated May 19, 2020, police officers attempted to obtain more information from Ms. Williams regarding the vandalism on three occasions: June 25, 2020, June 29, 2020 and July 13, 2020. Ms. Williams identified herself and provided minimal information to police on June 25, 2020 but then failed to return the officer's calls on June 29, 2020 and July 13, 2020, resulting in the investigation being placed into inactive status. The phone number listed for Ms. Williams in the police report (720) 815-7575) is the same phone number listed on Empower's website and the same number that [AMPCIC's] counsel previously utilized when attempting to reach Ms. Williams." (internal citations omitted)).)

AMPCIC concludes that "[a]ny future service attempts on Ms. Williams and/or Empower will be futile" and requests an order "permitting substitute service on Ms. Williams and Empower." (*Id.* ¶ 31.)

## LEGAL STANDARD

### I.     Service of an Individual or Entity

Federal Rule of Civil Procedure 4(e), which governs service of individuals, provides that a plaintiff may serve process on an individual located within the United States by either: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent

5

authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2). Alternatively, a plaintiff may accomplish service of an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

In Colorado, an individual may be served (1) "by delivering a copy [of the summons and complaint] to the person;" (2) "by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent;" or (3) "by delivering a copy to a person authorized by appointment or by law to receive service of process." COLO. R. CIV. P. 4(e)(1).

An entity may be served (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1)(a)–(b). Colorado law provides for entity service "by delivering a copy of [the summons] to the registered agent for service,' or to an [LLC's] manager if management is vested in managers, or member management is vested in members." *AAHC Mgmt. & Consulting, LLC v. USA Hemp LLC*, No. 20-CV-03640-KLM, 2021 WL 3549424, at *1 (D. Colo. Aug. 11, 2021) (quoting Colo. R. Civ. P. 4(e); citing *id.* at (C)–(D)).

**II.    Substitute Service**

6

Under certain circumstances, Colorado Rule of Civil Procedure 4(f), incorporated and made applicable to this action by Fed. R. Civ. P. 4(e)(1), allows for substituted service.

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted … the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed at the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.
>
> Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f); *accord Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1239 (Colo. 2012). "For a substituted method of service to be valid, it must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Zayo Grp., LLC v. Veteran Commc'ns Grp., Inc.*, 2021 WL 5719855, at *1 (D. Colo. Feb. 18, 2021) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 399 U.S. 306, 314 (1950)).

## ANALYSIS

After review, the Court is satisfied that AMPCIC has satisfied the due diligence requirement in attempting to serve the Third-Party Defendants and that further efforts to obtain personal service would be to no avail.

First, Ms. Williams—and by extension Empower—has apparently evaded all efforts to be informally contacted by Plaintiff's counsel. Ms. Williams has not responded to emails sent to accounts allegedly known to be associated with her business— info@empowerrealtyteam.com and jennifer@empowerrealtyteam.com. (Doc. No. 38 ¶ 22, Ex. J.) Likewise, seven different phone calls to numbers allegedly associated with Ms. Williams went unanswered or unreturned, and, in the one occasion someone did answer the call, "a woman picked up and identified herself as Ms. Williams" but then quickly ended the conversation after learning the nature of the call. (*Id.* ¶ 23.) Further, certified mail correspondence sent to Empower's registered business address, Empower's Colorado Division of Real Estate address, and Ms. Williams home address all went unanswered. (*Id.* ¶ 21, Ex. H.)

More significantly, AMPCIC's attempts at personal service have been stymied. To this end, it is unclear whether the Third-Party Defendants can be personally served at Empower's Colorado Springs business address as the LLC allegedly only maintains a "virtual office" with the office building. (*Id.* ¶ 28 (citing Ex. Q).) Additionally, when AMPCIC attempted to serve Ms. Williams at her home address, the woman at the door identified herself as "Jennifer Horst"

and declined to accept service. (*Id.* ¶ 25 (citing Ex. M)). AMPCIC contends this indeed was Ms. Williams. [4] [5] (*Id.*)

Finally, the Court notes, that Ms. Williams and Empower have often refused to participate in this case or in related investigations, even prior to a complaint being filed against them. *See supra* n. 1 (detailing AMPCIC's struggle to subpoena Ms. Williams and Empower at an earlier stage in the case, including that "[w]hen contacted by telephone, Ms. Williams refused to arrange a time and place for the process server to meet Ms. Williams to effectuate service of the Subpoena" (quoting Doc. No. 38 ¶ ¶18–19)); (*see* Doc. No. 38 ¶ 30 (describing Ms. Williams' apparent lack of cooperation with the police investigation into the alleged vandalism (citing *id.* Ex. R)).

Based on the contacts an attempted contacts with Ms. Williams it appears likely that Ms. Williams—and by extension Empower—are already aware of this action. The Court finds that Ms. Williams may be evading service and additional efforts to obtain personal service would likely be to no avail. Finally, the Court is satisfied that AMPCIC's proposed method of service is reasonably calculated to give the Third-Party Defendants actual notice of this action.

## CONCLUSION

Accordingly, it is

---

[4] The nature of Empower's Denver address listed on the Colorado Division of Real Estate—which differs from its registered business address—is unclear. AMPCIC does not allege it attempted to serve the Third-Party Defendants at this address nor does it allege it attempted to serve the Third Party Defendants at the Monument address listed in the Statement of Trade Name of a Reporting Entity form for Empower Realty Team, LLC. *See supra* n. 2

[5] Of note, the skip-trace report undertaken by Plaintiff found that Ms. Williams' Monument address is a "property … owned by *Scott Horst*." (Doc. No.38 Ex. E (emphasis added).)

**ORDERED** that AMPCIC's Unopposed Motion for Substitute Service Upon Jennifer Williams and Empower Realty Team, LLC is **GRANTED**.

It is **FURTHER ORDERED** that proper service may be effected on the Third-Party Defendants by substitute service by:

1. delivering a copy of the process to the receptionist at the Briargate Office Center located at 1755 Telstar Drive, Colorado Springs, Colorado 80920;

2. delivering a copy of the process to a person who is at least eighteen years old on behalf of Ms. Williams located at 18110 Archers Drive, Monument, CO 80132; and,

3. mailing a copy of the process to the following addresses by first class and certified mail, postage prepaid thereon:

    a. 1755 Telstar Drive, Colorado Springs, Colorado 80920,

    b. 18110 Archers Drive, Monument, CO 80132,

    c. 100 Fillmore Street, Denver, CO 80206,

    d. 385 Mustang Way, Monument, CO 80132.

Dated this 29th day of June, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge