IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-3222-WJM-MDB

SUZANNE MYERS,

    Plaintiff,

v.

AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff

v.

JENNIFER H. WILLIAMS, individual; and
EMPLOYER REALTY TEAM, LLC, a Colorado Corporation

    Third-Party Defendants

---

### ORDER DENYING DEFENDANT/THIRD-PARTY PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

---

Before the Court is Defendant/Third-Party Plaintiff American Modern Property and Casualty Insurance Company's ("American") Motion for Attorney's Fees ("Motion") against Third-Party Defendants Jennifer H. Williams and Employer Realty Team, LLC (jointly, "Williams"). (ECF No. 76.) Williams did not file a response.

For the following reasons, the Court denies the Motion.

**I. BACKGROUND**

The parties are familiar with the general background of this case from, among other sources, the Court's Order granting default judgment in favor of American and

against Williams.  (ECF No. 74.)  The Court incorporates that background here and adds the following pertinent facts.

In January 2024, American moved for default judgment against Williams.  (ECF No. 61.)  Therein, it sought to collect from Williams $63,000—*i.e.*, the amount for which it settled its claims with Plaintiff Suzanne Myers—and "the reasonable attorneys' fees and costs associated with collection."  (*Id.* at 13.)  The Court concluded that it had subject matter jurisdiction over the action and that the alleged facts, which were deemed true as a result of Williams's default, "support[ed] American's equitable subrogation claim."  (ECF No. 74 at 9.)  Accordingly, the Court entered default judgment in American's favor and awarded it $63,000.  (*Id.* at 12.)

As to its request for attorney's fees, however, the Court observed that "American d[id] not request attorney's fees in a particular amount, nor . . . provide documentation of its attorney's fee rate or time spent on this matter."  (*Id.*)  The Court therefore directed American "to supply full documentation of its attorney's hours expended on this matter, its attorney's hourly rate, and the reasonableness of both."  (*Id.*)  In the conclusion paragraph of its Order, the Court specified that American "shall submit all documentation as required by rule and applicable case law of the reasonable amount of attorney's fees and costs expended by it in this matter . . . ."  (*Id.* at 13.)

In August 2024, American filed the Motion, seeking $114,730.50 in attorney's fees.  (ECF No. 76 at 5.)  American contends that, "as a as a result of Williams' acts and omissions, [it] was required to defend itself against Plaintiff's Complaint for breach of the insurance contract and bad faith."  (*Id.* at 2.)  It argues that its requested amount is consistent with the factors listed in Rule 1.5 of the Colorado Rules of Professional

2

Conduct, and that "[t]he combination of claims for statutory bad faith and American Modern's third-party claims for equitable subrogation and equitable contribution increased the complexity of this matter." (*Id.* at 3, 4.)

## II. ANALYSIS

American contends it is entitled to collect a whopping $114,730.50 in attorney's fees from Williams because her "act and omissions" caused the damages alleged by Myers against American. (*Id.* at 1–2.) The Court disagrees, however, because American has failed to show that any contract provision or legal authority permits such a recovery in this action.

"Generally, the 'American Rule' provides that 'the prevailing litigant is ordinarily not entitled to reasonable attorney's fees.'" *Preitauer v. Am. Fam. Mut. Ins. Co., S.I.*, 741 F. Supp. 3d 934, 941 (D. Colo. 2024) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247 (1975)). But "that general rule is subject to exception if the contract in question calls for a deviation from that rule or if the legislature dictates an alternative arrangement through statute." *Id.* (quoting *Guarantee Tr. Life Ins. Co. v. Est. of Casper by & through Casper*, 418 P.3d 1163, 1172 (Colo 2018)); *see also Travelers Cas. & Sur. Co. of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 448 (2007) (same).

American has not clearly or explicitly argued on what grounds the Court may deviate from the general "American Rule" that parties should bear their own attorney's fees. It does not argue that some contract provision entitles it to recover attorney's fees from Williams. Nor does it argue that a statute authorizes fee shifting in this case. Relatedly, American's Motion is marked by a lack of clarity for why it should recover

3

fees: It does not clearly explain whether it believes it is entitled to recover the fees it incurred defending against Myers's breach of contract and bad faith claims, or the fees it incurred pursuing its own equitable subrogation or equitable contribution claims against Williams.  The Motion instead seems to suggest that American is entitled to recover the fees it expended to litigate *both* of these offensive and defensive claims. (*See generally* ECF No. 76 (naming all these claims throughout its six-page Motion).)

This lack of clarity is problematic to American's position for at least two reasons. First, the Court has not located (and American has not cited) any authority holding that a defendant is entitled to recover attorney's fees against a third-party defendant based on an equitable subrogation or equitable contribution claim.  The closest authority the Court has found is *Agsecurity Insurance Co. v. Affiliated Foods, Inc.*, which merely opined that a plaintiff "could" recover its attorney's fees if it was successful on its equitable subrogation claim.  2013 WL 5818551, at *5 (W.D. Okla. Oct. 29, 2013) ("To the extent plaintiff is making an equitable subrogation claim, and if the jury ultimately finds that defendant was negligent and plaintiff's insureds were fault free, the Court finds that plaintiff could recover the costs and attorney's fees of its insured and insured's employees incurred in the minor parents' lawsuit.").  And as for an equitable contribution claim—which the Court did not grant default judgment on (*see* ECF No. 74 at 9 n.4 ("It is doubtful that American could prevail under its equitable contribution theory.")—the *Agsecurity Insurance Co.* court observed that "the Oklahoma Supreme Court has held that 'no basis exists for recovery of attorney's fees in a contribution action.'" *Id.* (quoting *Nat'l Union Fire Ins. Co. v. A.A.R. W. Skyways, Inc.*, 784 P.2d 52, 58 (Okla. 1989)).

4

Second, to the extent American believes it is entitled to recover fees based on the time its attorney spent defending against Myers's statutory bad faith claim,[1] it has not done its part to convince the Court that such a recovery is authorized here. "Section 10-3-1116, C.R.S., is the statute which was the foundation of the claim for unreasonable delay or denial of insurance benefits." *Manchester Place HOA, Inc. v. Owners Ins. Co.*, 2018 WL 11025155, at *1 (D. Colo. Mar. 26, 2018). "Under § 10-3-1116(5), '(i)f the court finds that an action brought pursuant to this section was frivolous as provided in article 17 of title 13, C.R.S., the court shall award costs and attorney fees to the defendant in the action.'" *Id.* "A claim or defense is frivolous if its proponent cannot "present a rational argument supporting the claim or defense." *Id.* (quoting *Bernal v. Lumbermens Mut. Cas. Co.*, 97 P.3d 197, 203–04 (Colo. App. 2003) (citing *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984)). "A claim or defense is groundless if its proponent is not able 'to produce evidence in support of the claim or defense.'" *Id.* (citing *Bilawsky v. Faseehudin*, 916 P.2d 586 (Colo. App. 1995)).

Assuming without deciding that American can recover fees for the time its attorney spent defending against Myers's bad faith claims, it would likely have a strong argument that Williams's defense against these issues was frivolous.[2] After all, Williams asserted *no* defense to the claims raised by Myers (or American). *See Manchester Place Hoa, Inc.*, 2018 WL 11025155, at *2 (suggesting that a claim is

---

[1] American does not cite any authority authorizing the award of attorney's fees for a breach of an insurance contract claim either.

[2] The Court observes that a judge on the Colorado Court of Appeals has opined that, under section 10-3-1116(5), "an award of attorney fees applies only to 'an action brought pursuant to this section,' *not to actions associated with an action brought pursuant to that section*." *In Re Marriage of Turilli*, 507 P.3d 83, 92 (Colo. App. 2021) (Taubman, J., concurring in part and dissenting in part) (emphasis added).

5

frivolous if it was "irrational []or *nonexistent*") (emphasis added).  But American does not even cite section 10-3-1116(5), let alone argue that Williams's defense (or lack thereof) was frivolous under that statute.  As a result, American has utterly failed to show a legal or factual basis upon which this Court can conclude that it is entitled to attorney's fees under section 10-3-1116(5).  *See MacKinney v. Allstate Fire & Cas. Ins. Co.*, 2016 WL 7034977, at *10 (D. Colo. Dec. 1, 2016) (denying fee request under section 10-3-1116(5) where movant did not show that a claim or defense was frivolous); *see also Hall v. Allstate Fire & Cas. Ins. Co.*, 2021 WL 119344, at *4 (D. Colo. Jan. 12, 2021) ("But without more, the court cannot say that Mr. Hall brought this suit in bad faith or that his arguments lacked any rational basis.").

Consequently, the Court need not address whether the hours expended by American's attorney were reasonable.  *See Evanston Ins. Co. v. L. Off. of Michael P. Medved, P.C.*, 2017 WL 11556261, at *2 (D. Colo. May 4, 2017) ("While true that these factors guide the district court's inquiry, the district court must first determine whether Defendants' statutory bad faith counterclaim was frivolous, as a finding that this counterclaim is not frivolous relieves the court from making specific factual findings as to each factor."); *see also Munoz v. Measner*, 247 P.3d 1031, 1034 (Colo. 2011) ("We hold that the plain language of section 13-17-103(1) requires the trial court to make specific factual findings with regard to the application of the section's enumerated factors only when granting an award of fees, not when denying an award . . . .  Thus, the first step of the analysis is to determine whether the action in question (or any part thereof) [was frivolous].").

6

If American believes it is entitled to recover attorney's fees pursuant to some other authority not mentioned (or researched) by the Court in this Order, the Court would have no way of knowing that, since the Motion is simply silent regarding which authority that would be. American has not come close to making an adequate showing of its entitlement to an award of $114,730.50 in attorney's fees in this case. And it is black letter law that the Court cannot make American's arguments for it. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *see also Shaver v. Whittier Condominiums HOA*, 2023 WL 3321395, at *2 (D. Colo. May 9, 2023) ("In other words, the Court cannot raise arguments on behalf of Mr. Shaver that he does not raise himself."); *Mark O. v. Colvin*, 2025 WL 392735, at *3 (D. Utah Jan. 8, 2025) ("A court may consider an argument waived if a claimant fails to develop it, because this failure does not allow for meaningful review."); *Avtech Cap., LLC v. MXM NV, Inc.*, 2024 WL 4894386, at *5 (D. Utah Nov. 26, 2024) (denying request for relief "for failure to develop the argument and analyze relevant statutory and case law authority in the context of the facts of this case").

### III. CONCLUSION

For the foregoing reasons, the Motion is DENIED. (ECF No. 76.)

Dated this 12th day of March, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge